**1**

MARIA OTERO, an Infant, by ALBERT OTERO, Her Guardian ad Litem, et al., Respondents, v. WOODBINE CAB CORP. et al., Appellants.— In an action by an infant plaintiff to recover damages for personal injuries, and by her father to recover damages for medical expenses and loss of services alleged to have been occasioned by the negligent operation of a taxicab, a judgment was entered in favor of plaintiffs, after trial, without a jury. Defendants appeal from an order denying their motion to resettle the proposed case on appeal so as to include matter which was struck out on the application of plaintiffs. Order modified on the law by striking from the ordering paragraph the words "in all respects, denied" and inserting in place thereof the following: "granted to the extent of disallowing plaintiffs' objection to including the testimony from pages 116 to 154, as specified in their notice of exceptions (amendments), and is otherwise denied." As thus modified, the order is affirmed, with $10 costs and disbursements to appellants. During the presentation of appellants' case, their representatives testified that respondents' only witnesses to the accident sought to obtain money from the appellants for testimony favorable to them. After the appellants rested and before the respondents could introduce rebuttal, the Trial Justice, believing that such testimony warranted further inquiry, refused to consider motions and continued the case for further proof. Thereafter the two witnesses involved and one of respondents' attorneys and a police officer testified; and cross-examination of one of defendants' witnesses as to what he had testified before defendants rested was permitted. After hearing the testimony, the Trial Justice rendered his decision in favor of plaintiffs. That decision, of necessity, meant that the Justice believed the witnesses as to whose conduct he inquired. The testimony was in the trial. It was not a separate proceeding. (Cf. *Edison v. Perlbinder*, 271 App. Div. 794.) Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur. [See *post*, p. 777.]